IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CECIL BROCK, et al.,

v.　　　　　　　　　　　　　　　　CIVIL ACTION NO. 2:17-cv-02331

CABOT OIL & GAS CORPORATION,

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion to Amend Complaint [ECF No. 39]. The defendant filed a response [ECF No. 45]. The matter is now ripe for adjudication. For the following reasons, the plaintiffs' Motion is **DENIED**.

The Scheduling Order [ECF No. 6] in this case specifies that (1) the amendment of pleadings shall be completed by July 26, 2017, and (2) the amendment of pleadings shall be governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. Scheduling Order 1–2. On January 9, 2018, the plaintiffs filed this motion to amend—more than five months after the scheduled deadline. Pls.' Mot. Amend Compl. ("Pls.' Mot.") [ECF No. 39].

In order to amend after an established deadline, "a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). Under the Rule 16(b) standard, a party seeking to amend the scheduling order must demonstrate "good cause," which

is typically shown by establishing that the reason for the amendment was not otherwise discoverable through "due diligence." *Id.* Rule 15(a)'s more liberal standard, on the other hand, requires the court to analyze "the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

In their Motion, the plaintiffs make a case for relief under Rule 15's liberal amendment standard. They fail, however, to argue that "good cause" exists to satisfy Rule 16. Nevertheless, the court will analyze whether good cause exists based on the reason the plaintiffs provided for why late amendment is necessary.

Put simply, this case involves water that runs from the defendant's property to the plaintiffs' homes when there is heavy rain. Notice Removal Ex. 1, at 1–3 [ECF No. 1-1]. The plaintiffs' complaint alleges that the grading/sloping of the defendant's well-pad is what causes the runoff water to invade their properties. *Id.* The plaintiffs want to amend their complaint to add the fact that the defendant's property has large drains that direct water from the defendant's property to the plaintiffs' homes. Pls.' Mot. 3. According to the plaintiffs, this information was discovered during the deposition of Plaintiff Greg Blevins which was taken on November 21, 2017. Pls.' Mot. 2; Pls.' Mot. Ex. 2, at 1 [ECF No. 39-2]. The plaintiffs argue that they are still pursuing claims for negligence and trespass, and that the only difference now is the additional fact that the defendant has drains that pour the water onto their properties.

Under the Rule 16(b) standard, a party seeking to amend the scheduling order must demonstrate "good cause," which is typically shown by establishing that the reason for the amendment was not otherwise discoverable through "due diligence." This court has previously found that a plaintiff was diligent for Rule 16(b) purposes when they motioned to amend their complaint based on facts learned during discovery and the depositions of experts. *Earle v. City of Huntington*, No. 3:14-29536, 2017 WL 1428720, at *1 (S.D. W. Va. Apr. 20, 2017). The difference between this prior holding and the facts here is that the "new" information here was discovered during one of the plaintiff's own depositions. There is no indication that this plaintiff did not, or could not discover with due diligence, the defendant's drains prior to the date the court set for amendment of the pleadings. This is significantly different than learning new facts or theories of a case through the depositions of experts or general discovery.

Additionally, it is irrelevant that the plaintiffs would still be pursuing the same counts even after amendment, because they would be adding an entirely new theory—one that was not investigated or advanced while discovery was still open. Accordingly, Plaintiffs' Motion to Amend Complaint [ECF No. 39] is **DENIED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 13, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE