IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CECIL BROCK, et al.,

v.           CIVIL ACTION NO. 2:17-cv-02331

CABOT OIL & GAS CORPORATION,

MEMORANDUM OPINION AND ORDER

Pending before the court is Cabot Oil and Gas Corporation's Motion to Exclude Plaintiffs' Expert Witness [ECF No. 40]. The plaintiffs filed a response [ECF No. 46], and the defendant filed a reply. [ECF No. 47]. The matter is ripe for adjudication. This motion was originally referred to Magistrate Judge Dwane L. Tinsley, but that referral is hereby **WITHDRAWN**. For the reasons stated herein, the motion is **GRANTED in part** and **DENIED in part**.

I.   Factual Background

On May 30, 2017, the court entered a scheduling order which required that the plaintiffs disclose their expert witnesses, pursuant to Federal Rule of Civil Procedure 26(a)(2), by October 10, 2017. Sched. Order [ECF No. 6]. Before this case was removed to federal court, the plaintiffs informed the defendant that they expected to call Bradley Leslie as an expert. Cabot Oil & Gas Corp.'s Mem. 2 ("Def.'s Mem.") [ECF No. 41]. After removal, in their Rule 26(a)(1)(A)[1] disclosures, the plaintiffs named

---
[1] Federal Rule of Civil Procedure 26(a)(1)(A) requires parties to provide certain information to other parties without waiting for a discovery request. It has separate requirements from Rule 26(a)(2).

Mr. Leslie as a potential expert witness. *Id.* The plaintiffs, however, did not disclose Mr. Leslie to the defendant under Rule 26(a)(2) until January 2, 2018, when they sent the defendant Mr. Leslie's report. *Id.*

The defendant now seeks to exclude Mr. Leslie as an expert witness based on two arguments. *Id.* at 3–9. First, the defendant seeks to exclude Mr. Leslie because the plaintiffs failed to disclose him on time pursuant to the court's scheduling order. Second, the defendant seeks to exclude Mr. Leslie because his report does not comply with the content requirements proscribed by Rule 26(a)(2)(B)(i)-(vi). The defendant further requests attorney's fees incurred due to the plaintiffs' noncompliance with the Scheduling Order pursuant to Rule 16(f). *Id.* at 9.

II. Discussion

    a. Rule 26(a)(2)

Rule 26(a)(2) requires parties to disclose any expert witness it intends to use at trial and accompany the disclosure with a written report—prepared and signed by the witness—that contains specific information as required by Rule 26(a)(2)(B). Under Rule 37(c), "[i]f a party fails to . . . identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

The Fourth Circuit uses a five-factor test to determine whether a party's nondisclosure is substantially justified or harmless including: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure

the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003) (citations omitted). The first four factors relate mainly to whether the nondisclosure is harmless, and the fifth relates to whether the nondisclosure was substantially justified.

The court will start with whether the nondisclosure was substantially justified. When analyzing this, courts look to the nondisclosing party's explanation for its failure to disclose the evidence. Here, the plaintiffs' counsel explains that he filed this action in state court, where reports of this kind are not required. Pls.' Resp. to Def.'s Mot. Exclude Evid. 6 [ECF No. 46]. The plaintiffs' counsel admits that he does "not practice regularly in US District Court" and argues that he tried to remedy his tardiness by stipulating that the defense counsel could take the expert's deposition if desired. *Id.* at 3. The court, while sympathetic to the plaintiffs' counsel, cannot find that the nondisclosure was substantially justified just because this case was removed to federal court and the plaintiffs' counsel does not regularly practice in federal court. To hold otherwise would give many of the attorneys who practice in front of this court a free pass around Rule 37(c)—a pass it does not wish to bestow.

Since the nondisclosure was not substantially justified, the plaintiff's late disclosure of their expert will be stricken unless it was harmless. As to the first factor, the surprise to the party against whom the evidence would be offered, the court has

a hard time finding that the defendant was "surprised" by the plaintiffs' late disclosure of Mr. Leslie. The defendant admits that the plaintiffs informed it of their intention to call Mr. Leslie as an expert witness twice before the Rule 26(a)(2) disclosures were due. Def.'s Mem. 2. Therefore, it should have hardly been "surprised" when the plaintiffs filed a late Rule 26(a)(2) disclosure.

As to the second factor, the ability to cure the surprise, the defendant argues that the surprise here is "incurable, or, at the very least, would require substantial cost, time, and effort" and "waste judicial resources." *Id.* at 6. The defendant argues that the court's scheduling order specifically required that the plaintiffs disclose their experts before the deadline set for the defendants to disclose their experts. Since the plaintiffs were so late in their disclosure, however, their expert had ample opportunity to review the defendant's expert's report before creating his own. *Id.* Additionally, the defendant heavily relied on the fact that the plaintiffs did not have an expert opinion to support their claims in its motion for summary judgment since at the time dispositive motions were due, the plaintiffs had not yet disclosed Mr. Leslie as an expert. *Id.* The court finds both of these arguments convincing. There is no way to cure the fact that the plaintiffs' expert was able to rely on the defendant's expert's report when creating his own.

The plaintiff's ability to cure how this would affect the defendant's motion for summary judgment leads perfectly into the third factor—the extent to which allowing the evidence would disrupt the trial. Trial is currently set for April 17, 2018. Sched.

4

Order 2. If the court were to admit Mr. Leslie's report, it would substantially disrupt the arguments the defendant made in its motion for summary judgment which would likely prompt the defendant to seek permission to refile its motion. Additionally, the defendant has submitted that it would, understandably, want discovery reopened in order to depose Mr. Leslie and request documents that Mr. Leslie relied on in his report. Such events would disrupt the upcoming trial date.

The final factor courts look to in determining harmlessness is the importance of the evidence. "This factor must be viewed from the perspective of both parties." *S. States Rack and Fixture, Inc.*, 318 F.3d at 598. Meaning that if the expert's testimony is important to the plaintiff's case in the eyes of the jury, then it was even more important to the defendant that the evidence be disclosed in a timely manner. *Id.* at 598–99. The court find that Mr. Leslie's testimony here goes to the heart of the issues in this case and therefore is quite important. Based on the balancing of these four factors, the court finds that the plaintiffs' nondisclosure was not harmless.

Since the nondisclosure was not substantially justified or harmless, the plaintiffs are not allowed to use Mr. Leslie *as an expert* or Mr. Leslie's expert report to supply evidence on a motion, at a hearing, or at a trial.

### b. Rule 26(a)(2)(B)(i)-(vi)

The defendant also argues that the court should exclude Mr. Leslie as an expert because his report does not comply with the requirements of Rule 26(a)(2)(B)(i)-(vi). Since the court has already held that Mr. Leslie is not allowed to

5

testify as an expert in this case and that the plaintiffs cannot rely on his report, it will not separately analyze whether his report complied with the Federal Rules of Civil Procedure.

### c. Rule 16(f)

Because the plaintiffs failed to comply with the court's scheduling order, the defendant requests the court order the plaintiffs to pay the attorney's fees they incurred pursuant to Rule 16(f). The court does not find sanctions of this kind just under the circumstances presented here, and therefore will not impose them.

## III. Conclusion

It appears to the court that much of what Mr. Leslie would testify about in this case would not require him to be an expert. Therefore, notwithstanding this ruling, the plaintiffs may still call Mr. Leslie as a lay witness at trial, so long as his testimony is compliant with Federal Rule of Evidence 701. A lay witness's opinion that water flows downhill, for example, is clearly within the ambit of Rule 701.

For the reasons stated herein, Cabot Oil and Gas Corporation's Motion to Exclude Plaintiffs' Expert Witness [ECF No. 40] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** to the extent it requests that the court strike the plaintiffs' untimely disclosure of Mr. Leslie and preclude the plaintiffs from using his expert opinion testimony and report. The motion is **DENIED** to the extent it requests that the defendant be reimbursed for attorney's fees.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 13, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE